UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANGEL DAVID SANCHEZ ALVAREZ,

              Petitioner,

     v.

JAMES BAUSCH, *Director, Buffalo Federal Detention Facility*; *et al.*,

              Respondents.

1:26-CV-00605-MAV


**ORDER**

_____

Petitioner Angel David Sanchez Alvarez, a citizen of Venezuela, filed a verified petition for a writ of habeas corpus under 28 U.S.C. § 2241 on March 27, 2026, while being held as a civil immigration detainee at the Buffalo Federal Detention Facility. ECF No. 1 ¶ 1. Accordingly, the Court has jurisdiction over this matter. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443–47 (2004). In addition to seeking a writ of habeas corpus, Petitioner filed a motion for a temporary restraining order seeking an expedited scheduling order and to enjoin Respondents from transferring him from this District. ECF No. 2.

For the reasons set forth below, Petitioner's request for a Temporary Restraining Order is GRANTED IN PART AND DENIED IN PART. The motion is GRANTED to the extent that Respondents are enjoined from transferring Petitioner from the United States and are directed to SHOW CAUSE within 14 days why the Petition (ECF No. 1) should not be granted. The motion is otherwise DENIED.

## TEMPORARY RESTRAINING ORDER

A temporary restraining order ("TRO") is an "extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *JBR, Inc. v. Keurig Green Mountain, Inc.*, 618 F. App'x 31, 33 (2d Cir. 2015)

1

(citation omitted). Irreparable harm is the *"sine qua non* for preliminary injunctive relief,"
and the moving party must first demonstrate that irreparable harm would be "likely" in the
absence of injunctive relief before other factors toward granting relief will be considered. *Id.*
(quoting *USA Recycling, Inc. v. Town of Babylon,* 66 F.3d 1272, 1295 (2d Cir. 1995)). Provided
irreparable harm is demonstrated, a party seeking a TRO against the federal government
that will affect government action taken pursuant to a statutory or regulatory scheme must
show both a likelihood of success on the ultimate merits of the lawsuit, and that the balance
of hardships tips in the moving party's favor while the public interest is not disserved by the
relief granted. *Sussman v. Crawford,* 488 F.3d 136, 140 (2d Cir. 2007); *New York v. United
States Dep't of Educ.,* 477 F. Supp. 3d 279, 294 (S.D.N.Y. 2020) (citing *Nken v. Holder,* 556
U.S. 418, 435 (2009)).

Here, Petitioner seeks a temporary restraining order enjoining Respondents from
transferring him from this District. However, Petitioner is unlikely to demonstrate that he is
entitled to the relief requested. Pursuant to 8 U.S.C. § 1231(g)(1), "[t]he Attorney General
shall arrange for appropriate places of detention for aliens detained pending removal or a
decision on removal." This provision "provides DHS with broad authority to decide where an
alien is detained." *Candido v. Bondi,* No. 25-CV-867 (JLS), 2025 WL 3123696, at *2 (W.D.N.Y.
Nov. 7, 2025) (internal quotation marks and citation omitted) (collecting cases); *see Dorval v.
Barr,* 414 F. Supp. 3d 386, 396 (W.D.N.Y. 2019). Courts in this district routinely deny
requests to interfere with DHS' discretion. *Shaikh v. Barr,* No. 20-CV-6300 CJS, 2020 WL
7021443, at *3 (W.D.N.Y. Nov. 30, 2020) (collecting cases).

Like those courts, the Court here declines to interfere with Respondents' authority to
"arrange for appropriate places of detention" particularly because the Court retains

jurisdiction over the habeas petition regardless of where Petitioner is being held. *See Candido*, 2025 WL 3123696, at *2; *Dorval*, 414 F. Supp. 3d at 396. To aid in the Court's jurisdiction, however, and for the reasons stated below, Respondents are enjoined from transferring him outside of the United States.

The Court DENIES Petitioner's request for an order directing Respondents to show cause within three days why a writ of habeas corpus should not issue but GRANTS Petitioner's request for an expedited scheduling order as set forth below.

### ORDER TO SHOW CAUSE

28 U.S.C. § 2243 provides that "[a] court entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted." Accordingly, it is hereby

ORDERED that Respondents show cause within **14 days** of the date of this order why Petitioner's requested relief pursuant to 28 U.S.C. § 2241 should not be granted, including through citations to supporting authority and applicable sections of the Immigration and Nationality Act, supplemented by copies of any Notices to Appear served on Petitioner, any warrants to arrest Petitioner, Petitioner's I-213, any documents that reflect the statutory authority under which Petitioner was previously released from custody and the full terms and length of said release, and any other relevant exhibits helpful to resolution of this Petition, and a supporting declaration as necessary; and it is further,

ORDERED that the Clerk of Court shall forthwith serve a copy of the Petition, ECF No. 1, and a copy of this Order, electronically via a Notice of Electronic Filing to the United States Attorney's Office, Western District of New York at USANYW-Immigration-Habeas@usdoj.gov; and it is further

ORDERED that Petitioner shall have **7 days** after service of Respondents' return to file a **written response**. Petitioner shall promptly inform the Court if they do not intend to file a reply, at which point the Court will consider the matter ripe for review.

Following receipt of the parties' papers, the Court will determine whether an evidentiary hearing is warranted. *See* Rule 8 of the Rules Governing Section 2254 Proceedings. In that regard, the Court observes that 28 U.S.C. § 2243 provides that "[u]nless the application for the writ and the return present only issues of law, the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained," as "the person detained may, under oath, deny any of the facts set forth in the return or allege any other material facts." Accordingly, to facilitate the expeditious resolution of this matter, it is further

ORDERED that Respondents refrain from transferring Petitioner out of the United States until after the Court determines whether an evidentiary hearing is warranted.

SO ORDERED.

Dated:        April _2_, 2026
              Rochester, New York

HON. MEREDITH A. VACCA
United States District Judge